# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>**RONALD HARVEY**<br>*Defendant* | )<br>)<br>) Case No. 17-30188-1<br>)<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.
**OR**
☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☑ History of violence or use of weapons
☐ History of alcohol or substance abuse
☑ Lack of stable employment
☐ Lack of stable residence
☑ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

This is a presumption case. Defendant is charged in a criminal complaint with Felon in Possession, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Conspiracy to Distribute and Intent to Distribute More Than 500 Grams of Methamphetamine and More than 100 Grams of Heroin.  Defendant is 47 years old, single with three adult children, unemployed for at least five years, with no visible means of income.  His information was verified by his mother.  Defendant has lived with his girlfriend at 1210 Edison in Detroit for the past two years.  Prior to that he lived with his mother on Evergreen in Detroit for 10 years. He admits to using marijuana on a regular basis since the age of 20. Defendant's criminal history includes a 1996 conviction for Felony Controlled Substances for which he was sentenced to one to five years custody, and was discharged from parole in 1999.  He plead guilty to Felony Dangerous Drugs in 2015, and one month later plead guilty to Fleeing Fourth Degree, Felony Police Officer and was sentenced to four months custody.  The Government argues that Defendant sells heroin and methamphetimine and cocaine out of his stash house located at 70 Elmhurst in Detroit.  Over the past 90 days Defendant has unwittingly sold heroin multiple times to an undercover agent in and around 70 Elmhust Street.  Defendant is known on the street as "Blue", a kilo level heroin and cocaine distributor.  On April 11, 2017, agents searched Defendant's Edison residence and found a Taurus revolver handgun, 357, loaded with 5 rounds, additional ammunition, user amount of marijuana, and utility bills in Defendant's name addressed to 1210 Edison. On the same date, April 11, 2017, a search of 70 Elmhurst produced two persons in the residence, one a Mr. Michael Pitts, who denied that anyone else was in the house.  Agents then found co-defendant Kevin Harvey hiding in the attic of the residence.  Kevin Harvey stated that he stayed at that address two or three nights a week.  A duffel bag was searched and marijuana and heroin were found along with a debit card in the name of Kevin Harvey.  Additionally the search turned up a Taurus 9mm handgun with ammunition, in a bag with additional ammunition, a Ruger handgun with extended magazine and ammunition, fully loaded with a round in the chamber, a Sig Sauer handgun with magazine and ammunition, with extra ammunition next to it, a Romarm AK-47 rifle with ammunition, a Norinco 90 Sporter rifle with ammunition, a Bipro Commando Thompson sub-machine gun with ammunition, two bags of miscellaneous firearms ammunition, 1,915.8 grams of marijuana, 138 prescription pills (oxycodone, morphine, hydrocodone), 4384 MDMA pills, 236 grams of heroin, 1,016.8 grams of crystal meth, a digital scale, residency documents and $1700 cash.  The government moves for detention based on danger and risk of flight, and Defendant seeks a bond based his lack of capias history.  Pretrial Services interviewed the Defendant and concluded that he poses a risk of flight based on his use of an alias name in the past and his felony conviction for fleeing and eluding, and that Defendant poses a danger to the community, based upon his two prior felony drug convictions, one felony weapons conviction, and the seriousness of the instant charges involving large amounts of controlled substances.  This Court has reviewed the relevant statutory factors and finds that there is clear and convincing evidence that Defendant poses a danger to the community, based upon the sheer number of weapons and the force of those weapons, the quantities of drugs retrieved, Defendant's past criminal history, his prior drug convictions, his lack of employment, and the nature of the instant charges. Defendant also poses a risk of flight.  The presumption of detention has not been successfully rebutted. There is no condition or combination of conditions that would assure the safety of the community or the Defendant's appearance in court.  Detention is therefore ordered.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: April 19, 2017     s/Mona K. Majzoub
*Judge's Signature*

Mona K. Majzoub, U.S. Magistrate Judge
*Name and Title*