UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Criminal No. 17-CR-20272-01

vs.                                            HON. BERNARD A. FRIEDMAN

RONALD TERRANCE HARVEY,

    Defendant.
_____/

**OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is presently before the Court on defendant's motion for compassionate release [docket entry 51]. The government has filed a response in opposition. Defendant has not filed a reply, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant, currently confined at FCI-Morgantown in Morgantown, West Virginia, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] because he has medical conditions

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

(chronic viral hepatitis B, gout, hyperlipidemia, sleep apnea, diabetes, and obesity ) that place him at increased risk of complications if he were to be infected by the coronavirus. Def.'s Mot. at 2-3. The government opposes the motion on the grounds that the risk to defendant's health is minimal, and that he does not meet other requirements for compassionate release.

> This Court has summarized the legal standards applicable to this motion as follows:
>
> The compassionate release statute allows the Court to modify a defendant's term of imprisonment if: (1) he fully exhausts all administrative remedies; (2) he shows both "extraordinary and compelling reasons warrant such a reduction [or release]" and that the reduction or release is consistent with" the Sentencing Commission's policy statements; (3) he is not a danger to any other person or the community; and (4) the factors in 18 U.S.C. § 3553(a) support the reduction or release to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A)(I); United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1; *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *1 (E.D. Mich. May 15, 2020).
>
> \* \* \*
>
> Section 1B1.13 of the Sentencing Guidelines is the "applicable policy statement" with which the Court must comply when considering a request for compassionate release. Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of the following four categories of "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) other reasons as determined by the BOP. USSG § 1B1.13 cmt. n.1;

---

defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction
. . . .

> *Austin*, 2020 WL 2507622, at *1.

*United States v. Wingo*, No. 15-20450, 2020 WL 4676388, at *1-2 (E.D. Mich. Aug. 12, 2020).

The Court has considered these factors and concludes that compassionate release would not be appropriate in this case. First, although defendant's medical conditions make him more vulnerable if he were to be infected, defendant has not shown that the risk of infection at FCI-Morgantown is unacceptably high. The Bureau of Prisons currently reports that no staff members and just three inmates at that facility, out of a population of 446, are infected. *See* https://www.bop.gov/coronavirus (last visited Oct. 15, 2020). In its response brief, the government notes that as of early September 2020 it has reduced the prison population by granting home confinement to over 7,600 inmates nationwide and that it has taken significant steps to minimize the spread of the virus at all BOP facilities. The Sixth Circuit has acknowledged these efforts. *See Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020). Defendant in the present case has not shown that the BOP's efforts to combat the spread of the virus are inadequate or that FCI-Morgantown would be unable to adequately treat him if he were to become ill.

Further, this Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release." *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020). *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility, . . . whether Defendant will contract COVID-19, and whether he will develop serious

3

complications does not justify the extreme remedy of compassionate release."). Defendant has shown no more than a generalized risk, not a risk that is specific to him based on his living circumstances and medical conditions.

The Court concludes that defendant has failed to show the existence of any extraordinary and compelling reason warranting his immediate release from prison. The Court also finds that release in this case would be all the more inappropriate in light of the fact that defendant has served only a fraction of his sentence for serious crimes. The Court sentenced defendant in September 2018 to a 120-month prison term (the bottom of the guideline range to which the parties agreed) pursuant to a Rule 11 Plea Agreement wherein defendant pled guilty to conspiring to possess with intent to distribute heroin and methamphetamine and to being a felon in possession of a firearm. Defendant has served only approximately twenty percent of this sentence. The Sixth Circuit has noted that this is a factor the Court may consider in deciding a motion for compassionate release, as it relates to the 18 U.S.C. § 3553(a) factors of reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment for the offense. *See United States v. Kincaid*, 805 F. App'x 394, 395 (6th Cir. 2020). In the present case, the Court finds that releasing defendant after such a short period of time would seriously undermine each of these important sentencing objectives.

Finally, the Court finds that defendant is ineligible for release because he is a danger to the community, a disqualifying factor under § 1B1.13 of the Sentencing Guidelines. The Plea Agreement sets forth the relevant facts of this case as follows:

> Between November 2016 and April 12, 2017 . . . the defendant entered into an agreement with other individuals to distribute at least 100 grams of a mixture or substance containing a detectable amount of heroin and at least 500 grams of a mixture

> or substance containing a detectable amount of methamphetamine. As part of the agreement, the defendant would obtain heroin and methamphetamine and keep it at a house in Highland Park. Once he obtained the heroin and methamphetamine, the defendant would then distribute it to other individuals.
>
> On April 12, 2017, . . . the defendant knowingly possessed a firearm, to wit: a 357 caliber Taurus revolver handgun. At the time the defendant possessed the firearm, he was ineligible to do so because he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year. Specifically, on March 23, 2010, the defendant was convicted of possession of a controlled substance less than 25 grams, a felony punishable by up to four years in state prison, in the Third Judicial Circuit Court in Detroit, Michigan. The firearm the defendant possessed was not manufactured in Michigan, thus, prior to the defendant's possession of it, the firearm had been transported across a state line.

The government provided the following additional information in its sentencing memorandum:

> For several months, the DEA supervised multiple controlled purchases of heroin from Harvey at a house in Highland Park. Through surveillance, agents were also able to identify a house on Edison Street in Detroit as Harvey's primary residence. In April of 2017, agents executed search warrants at both houses. At Harvey's primary residence in Detroit, agents found a loaded .357 caliber handgun in the master bedroom. Harvey admitted the gun was his.
>
> At the Highland Park house, agents found a duffle bag in the attic that contained the following firearms:
>
> > -Romarm AK 47 rifle with ammunition;
> > -Norinco 90 Sporter rifle with ammunition;
> > -Bipro Commando Thompson sub-machine gun with ammunition.
>
> Agents found three additional loaded handguns throughout the house. As for drugs, agents found distribution quantities of the following controlled substances:

      -Over 1000 grams of Methamphetamine ("crystal meth");
      -94.77 grams of Heroin;
      -MDMA, ("Ecstasy");
      -Prescription pills, including oxycodone, morphine, and hydrocodone;
      -Marijuana.

Pl.'s Sentencing Mem. at 2. Drug dealing and loaded guns are a lethal combination. The danger defendant poses to the community is obvious. Accordingly,

      IT IS ORDERED that defendant's motion for compassionate release is denied.

      s/Bernard A. Friedman
      BERNARD A. FRIEDMAN
Dated: October 16, 2020      SENIOR UNITED STATES DISTRICT JUDGE
      Detroit, Michigan