UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                  Criminal No. 17-CR-20272-01

vs.                                          HON. BERNARD A. FRIEDMAN

RONALD TERRANCE HARVEY,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
AMENDED MOTION FOR COMPASSIONATE RELEASE**

This matter is presently before the Court on defendant's amended motion for compassionate release (ECF No. 57). The government has filed a response in opposition and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

Defendant, an inmate at FCI-Morgantown in Morgantown, West Virginia, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)[1] because of his medical conditions, which

---

[1] Section 3582(c) states in relevant part:

> Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved

include chronic viral hepatitis B, gout, hyperlipidemia, sleep apnea, diabetes, and obesity, as well as lingering symptoms that defendant attributes to his COVID-19 diagnosis in November 2020. Defendant contends that these medical conditions place him at increased risk of complications if he were to contract COVID-19 again.

The Sixth Circuit has clarified "how district courts, following the enactment of the First Step Act, should analyze defendant-filed motions seeking release under § 3582(c)(1)(A)." *United States v. Hampton*, No. 20-3649, 2021 WL 164831, at *1 (6th Cir. Jan. 19, 2021).

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions.

*Id*. (citations omitted).

The instant motion is defendant's second motion for compassionate release, the first of which this Court denied in an opinion and order dated October 16, 2020. In denying that motion, the Court stated:

> First, although defendant's medical conditions make him more vulnerable if he were to be infected, defendant has not shown that the risk of infection at FCI-Morgantown is unacceptably high. The Bureau of Prisons [("BOP")] currently reports that no staff members and just three inmates at that facility, out of a population of 446, are infected. *See* https://www.bop.gov/coronavirus (last visited Oct. 15, 2020). In its response brief, the government notes that as of early September 2020 it has reduced the prison population by granting home

---

portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction
. . . .

2

> confinement to over 7,600 inmates nationwide and that it has taken significant steps to minimize the spread of the virus at all BOP facilities. The Sixth Circuit has acknowledged these efforts. *See Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020). Defendant in the present case has not shown that the BOP's efforts to combat the spread of the virus are inadequate or that FCI-Morgantown would be unable to adequately treat him if he were to become ill.
>
> Further, this Court has stated that "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release." *United States v. Gordon*, No. CR 11-20752, 2020 WL 4381948, at *4 (E.D. Mich. July 31, 2020). *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility, . . . whether Defendant will contract COVID-19, and whether he will develop serious complications does not justify the extreme remedy of compassionate release."). Defendant has shown no more than a generalized risk, not a risk that is specific to him based on his living circumstances and medical conditions.
>
> The Court concludes that defendant has failed to show the existence of any extraordinary and compelling reason warranting his immediate release from prison. The Court also finds that release in this case would be all the more inappropriate in light of the fact that defendant has served only a fraction of his sentence for serious crimes. The Court sentenced defendant in September 2018 to a 120-month prison term (the bottom of the guideline range to which the parties agreed) pursuant to a Rule 11 Plea Agreement wherein defendant pled guilty to conspiring to possess with intent to distribute heroin and methamphetamine and to being a felon in possession of a firearm. Defendant has served only approximately twenty percent of this sentence.

*United States v. Harvey*, No. 17-CR-20272-01, 2020 WL 6110859, at *2 (E.D. Mich. Oct. 16, 2020).

The Court also concluded that defendant still poses a danger to the community, based on the amount and type of drugs he was distributing, as well as the number of firearms that law enforcement officers found in his possession. *See id*. at *3. The Court stated: "Drug dealing and loaded guns are a lethal combination. The danger defendant poses to the community is obvious." *Id*.

In the instant motion, defendant argues that the Court should grant his amended motion for compassionate release because he tested positive for COVID-19 on November 30, 2020, and "suffers from lingering symptoms," including "fatigue, back and neck aches, shortness of breath, headaches, difficulty sleeping, joint pain, chills, heartburn, congestion and heart palpitations." Def.'s Am. Mot. at 4. Defendant also states that when he contracted COVID-19, he and other infected inmates "were provided no adequate medical care." *Id*. Defendant further argues that he has been a "model inmate" and is "no threat to society." *Id*. at 5-6. Defendant contends that given his health conditions and rehabilitation, the Court should grant his requested relief.

In response, the government notes that "little has changed" since defendant filed his initial motion for compassionate release. Pl.'s Resp. Br. at 1. The government contends that the only change in defendant's circumstance – the fact that he contracted and recovered from COVID-19 – is neither extraordinary nor compelling. *See id.* at 5. The government argues that, according to defendant's health records, he had an asymptomatic case of COVID-19 and has since expressed no related health concerns. *Id*. at 6 (citing Pl.'s Ex. A (Sealed Updated BOP Medical Records)). The government also describes the BOP's ongoing vaccination campaign, stating that "[t]he vaccination measures and other precautions . . . have significantly reduced the number of active Covid-19 cases in [BOP]-managed institutions nationwide." *Id*. at 7. Finally, the government notes defendant's lengthy criminal record and argues that

> Harvey's previous probation terms and short prison sentences did not deter him from continuing to engage in serious crime[,] as he committed the instant offenses less than two years after completing a four-month jail sentence for fleeing and eluding. Certainly then, serving only 31 months of a 120-month prison sentence would not deter Harvey from breaking the law. Harvey needs to serve his original sentence to deter him from engaging in future crimes.
>
> By committing the instant offenses shortly after being released from

4

>  > jail on [a] previous offense, and by committing previous offenses while on parole, Harvey has also consistently demonstrated that he does not respect the law.

*Id*. at 13.

The Court agrees that little has changed since it denied defendant's initial motion for compassionate release. Defendant has again failed to show an unacceptably high risk that he will contract COVID-19. The BOP presently reports only one active case of COVID-19 (zero inmates and one staff) at FCI-Morgantown. *See* https://www.bop.gov/coronavirus (last visited Nov. 1, 2021). As the Court previously stated, "[a] generalized risk of contracting COVID-19, or potentially developing the more severe symptoms associated with it, are not the type of 'extraordinary and compelling reasons' that justify compassionate release." *Harvey*, 2020 WL 6110859, at *2 (quoting *Gordon*, 2020 WL 4381948, at *4).

Moreover, the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020). When making sentencing determinations, courts are required to consider "the nature and circumstances of the offense," § 3553(a)(1), as well as "the need for the sentence imposed . . . to promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." Section 3553(a)(2)(A)-(C). These factors counsel against releasing defendant at this time. Defendant has only served approximately 32% of his sentence for serious crimes[2] and he has a poor track record of abiding by the law, which includes three prior felony

---

[2] The factual basis for defendant's guilty plea is set forth in the plea agreement at paragraph 1C as follows:

>  > Between November 2016 and April 12, 2017 . . . the defendant

convictions, multiple prison terms, and prior probation and parole violations. *See* Pl.'s Sent'g Mem. at 6. Although the Court applauds defendant's exemplary behavior in prison thus far, releasing him now would undermine the purposes of the above-referenced § 3553(a) factors. Accordingly,

IT IS ORDERED that defendant's amended motion for compassionate release (ECF No. 57) is denied.

Dated: November 1, 2021  
       Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

---

entered into an agreement with other individuals to distribute at least 100 grams of a mixture or substance containing a detectable amount of heroin and at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. As part of the agreement, the defendant would obtain heroin and methamphetamine and keep it at a house in Highland Park. Once he obtained the heroin and methamphetamine, the defendant would then distribute it to other individuals.

On April 12, 2017, . . . the defendant knowingly possessed a firearm, to wit: a 357 caliber Taurus revolver handgun. At the time the defendant possessed the firearm, he was ineligible to do so because he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year. Specifically, on March 23, 2010, the defendant was convicted of possession of a controlled substance less than 25 grams, a felony punishable by up to four years in state prison, in the Third Judicial Circuit Court in Detroit, Michigan. The firearm the defendant possessed was not manufactured in Michigan, thus, prior to the defendant's possession of it, the firearm had been transported across a state line.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 1, 2021.

Ronald Terrance Harvey #55526039  
MORGANTOWN FCI  
Inmate Mail/Parcels  
P.O. BOX 1000  
MORGANTOWN, WV 26507

s/Johnetta M. Curry-Williams  
Case Manager